UNITED STATES DISTRICT COURT      O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EDDIE WHITE, § | |
| § | |
|     Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:12-CV-520 |
| § | |
| CITY OF HIDALGO, § | |
| § | |
|     Defendant. § | |

# ORDER

Pending before the Court are the self-styled "Plaintiff's Unopposed Motion to Consolidate"[1] ("Motion to Consolidate"), filed by Plaintiff Eddie White, as well as the "Joint Motion for Leave to Enlarge Time for Filing Dispositive Motions"[2] ("Motion to Extend"), filed on behalf of both parties. After considering the motions, record, and relevant authorities, the Court **DENIES** both motions.

**I.**    **BACKGROUND**

A brief recounting of the procedural background of this case behooves the analysis. Plaintiff filed his complaint on December 18, 2012, and the Court conducted the pretrial scheduling conference on February 19, 2013.[3] At the conference, the parties represented to the Court that they anticipated neither unique scheduling-order demands, nor the addition of any parties.[4] Nevertheless, the parties later requested a modification of the scheduling order due to "the large number of violations alleged in this case, and the quantity of documentation related to

---

[1] Dkt. No. 17 ("Motion to Consolidate").
[2] Dkt. No. 18 ("Motion to Extend").
[3] *See* Dkt. No. 1 and Minute Entry of February 19, 2013, Initial Pretrial Conference.
[4] *See* Minute Entry of February 19, 2013, Initial Pretrial Conference.

them."[5] Despite the request's basis in allegations which were known at pretrial conference, the Court granted the full, roughly 45-day extension sought by the parties, applied to the remaining deadlines.[6]

At this point, the Court emphasizes that the repeated requests for extensions illustrate the practical underpinnings of the Federal Rules of Civil Procedure. At the initial pretrial conference, the Court reprimanded the parties for their failure to timely exchange initial disclosures *prior to* the conference.[7] Such compliance would almost certainly have apprised the parties of the "large number of violations and the large quantity of documentation related to them," such that the pretrial order could accommodate these case-specific needs *at the time of the conference*.[8] The repeated requests for adjustment are an unnecessary waste of the Court's and the parties' (read: clients') resources, made necessary solely due to counsels' noncompliance with the rules and resulting ignorance of basic facts of the case at the commencement of the action.

In that context, the Court now considers the two instant filings in turn.

## II.   MOTION TO EXTEND

In the motion to extend, the parties seek yet another extension of the already-extended deadline to file dispositive motions, which is currently set at September 16, 2013.[9] Although the parties acknowledge the proper good-cause standard for extensions or scheduling-order

---

[5] Dkt. No. 13 at ¶ A.5.
[6] Dkt. No. 14.
[7] *See* Minute Entry of February 19, 2013, Initial Pretrial Conference.
[8] FED. R. CIV. P. 26(a)(1)(A)(ii) (requiring the parties to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.").
[9] *See* Motion to Extend at p. 2.

modifications which are filed prior to the expiration of the implicated time period, the parties' proffered cause is insufficient to justify the extension.[10]

Essentially, the parties assert a three-fold base for relief: their mutual agreement; the need to wait until "all claims and defenses are made known;" and their assertion they have "worked diligently in their attempts" to timely complete discovery.[11] Regarding the first basis, "agreement" is not good cause for extension and is considered by this Court only with regard to any prejudice which would result from granting the request. As to the second basis, *i.e.* delay until the "claims and defenses are made known," the Court emphasizes: the date for joinder and amendment have passed, the pleadings are closed, and claims and defenses are already "made known."[12] Finally, the third basis is insufficient because the only evidence of the parties' diligence is their repeated assertions of the same. The parties, however, do not attempt to explain the need for further extension beyond a repetition of the basis for the earlier extension, which the Court granted to the full extent requested. Especially given the procedural history of this case, the parties' actions in prosecuting this action appear "dilatory" rather than "diligent." For those reasons, the Court **DENIES** the motion to extend and encourages the parties to diligently meet the current deadline.

### III.  MOTION TO CONSOLIDATE

On June 4, 2013, 136 days after the filing of Plaintiff's complaint and 66 days after the deadline for joinder of parties, Plaintiff requested leave to join an additional party to this action.[13] In the order denying that request, the Court noted two reasons why the request subverted the trial process: "first, Plaintiff has consistently represented, to both Defendant and

---

[10] *See id.*
[11] *See id.*
[12] *See* Dkt. No. 9 (setting joinder deadline of February 26, 2013, and amendment deadline of May 6, 2013).
[13] Dkt. No. 10.

the Court, that no additional parties were anticipated; and second, it delays the proceedings and frustrates the purpose of the Federal Rules of Civil Procedure to 'secure the just, speedy and inexpensive determination of every action and proceeding.'"[14] The Court further emphasized the significant delay in requesting the joinder, as well as the subsequent delay in attendant filings and responses were the Court to grant the requested relief.[15] At that time, Plaintiff acknowledged that "[i]f Mr. Merini is not permitted to join in this action, he will have to maintain a separate action."[16]

Plaintiff now attempts a procedural end-run around the Court's previous denial: instead of seeking to *join* two separate *plaintiffs* in one action, he now seeks to *consolidate* two separate *actions* into one action.[17] However, as Plaintiff mentions and the Court now emphasizes, "[a] trial court has broad discretion in determining whether to consolidate a case pending before it."[18]

Consolidation is largely not warranted where two cases are at different stages of preparation for trial, due to the type of effects which were largely laid out in the Court's prior order denying joinder of an additional party.[19] The instant motion illustrates the practical basis for this principle. Despite the similarity of the claims, the cases are in starkly different procedural postures; the instant case is approaching the deadline for dispositive motions, while the case which Plaintiff seeks to consolidate does not even have a scheduling order in effect. Consolidation, therefore, would involve the inevitable and significant delay undergirding the Court's previous order denying joinder and amendment. The Court will not condone such delay, nor will it encourage Plaintiff's procedural chicanery. The Court underscores that the relief

---

[14] Dkt. No. 11 at p. 4.
[15] *See id.* at p. 4.
[16] *See* Dkt. No. 10 at ¶ 9.
[17] See Motion to Consolidate (seeking to consolidate civil action 13-CV-340, *Irmo Marini v. City of Hidalgo*).
[18] *See* Mills v. Beech Aircraft Corp., 886 F.2d 758, 761-62 (5th Cir. 1989).
[19] *See id.*

sought would likely be unnecessary had Plaintiff properly investigated this action prior to filing or, at least, prior to the scheduling conference. The Court **DENIES** the motion to consolidate.

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** the motion to extend and **DENIES** the motion to consolidate.

IT IS SO ORDERED.

DONE this 4th day of September, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE